**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Maira Moux, | : |
| Plaintiff, | : Civil Action No.: 1:15-cv-12341 |
| v. | : |
| Virtuoso Sourcing Group, LLC; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, the Plaintiff, Maira Moux, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Massachusetts Consumer Protection Act M.G.L. c. 93A § 2 ("MCPA"), and Massachusetts Debt Collection Regulations, 940 CMR § 7.04(1)(f) ("MDCR").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Maira Moux ("Plaintiff"), is an adult individual residing in Haverhill, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and a "debtor" as defined by 940 CMR 7.03 in that she was allegedly personally liable for a debt.

5. Defendant Virtuoso Sourcing Group, LLC ("Virtuoso"), is a Colorado business entity with an address of 4500 Cherry Creek Drive South, Suite 300, Glendale, Colorado 80246, operating as a collection agency on behalf of itself and others, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and a "creditor" as the term is defined by 940 CMR 7.03.

6. Does 1-10 (the "Collectors") are individual collectors employed by Virtuoso and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Virtuoso at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Virtuoso for collection, or Virtuoso was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Virtuoso Engages in Harassment and Abusive Tactics

12. Within the last year, Virtuoso contacted Plaintiff in an attempt to collect the Debt.

13. Virtuoso called Plaintiff's cell phone on March 19, 2015 in an attempt to collect the Debt. Plaintiff called Virtuoso back and informed that she was disputing the Debt and that

she did not wish to be contacted.  Virtuoso placed another debt collection call to Plaintiff not an hour later.

14. The next day, Virtuoso called Plaintiff's cell phone in an attempt to collect the Debt.  Plaintiff called Virtuoso back and demanded, once again, that the collection calls stop.  Virtuoso placed two additional collection calls to Plaintiff that very same day.

15. Between March 19 and 20, 2015, Virtuoso placed a total of five calls to Plaintiff's cellular phone.

16. In 2011, then-Massachusetts Attorney General Martha Coakley launched an investigation to bring Massachusetts' debt collection practices "up-to-date . . . to be consistent with other state and federal agencies" and to "ensure that the playing field is level for both creditors and consumer so that all parties are better protected."[1]  As a result of that investigation, the Attorney General determined that it constituted an "unfair or deceptive act or practice for a creditor" to initiate "a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone numbers provided by the debtor as his or her personal telephone number." 940 CMR § 7.04(1)(f).

17. Virtuoso placed repeated calls in an attempt to bully Plaintiff into paying the Debt, causing Plaintiff significant inconvenience and frustration.

18. The repeated calls constitute unfair and abusive debt collection practices under the FDCPA, MCPA and MDCR.

---

[1] http://www.insidearm.com/daily/debt-buying-topics/debt-buying/state-ag-touts-new-debt-collection-rules-taking-effect-today/ (last visited March 24, 2015).

19. On or about May 4, 2015, Plaintiff mailed a written demand to Defendant, attaching a draft complaint detailing Plaintiff's allegations. Defendant did not respond to Plaintiff's pre-suit demand.

### C. Plaintiff Suffered Actual Damages

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

25. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE MCPA, M.G.L. c. 93A § 2, et seq. and MASSACHUSETTS DEBT COLLECTION REGULATIONS, 940 CMR § 7.00 et seq.

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

30. The Defendants initiated communication via telephone with the Plaintiff in excess of two calls in each seven-day period in violation of 940 CMR § 7.04(1)(f).

31. Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Equitable relief pursuant to M.G.L. c. 93A § 9;

5. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 9;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 16, 2015

        Respectfully submitted,

        By   /s/ Sergei Lemberg

        Sergei Lemberg (BBO# 650671)
        LEMBERG LAW, L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        Attorneys for Plaintiff